**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EDWARD SCANLON, IV <br><br> Plaintiff <br><br> v. <br><br> VALERIE LAWSON, *et al.*, <br><br> Defendants | Civ. No. 16-4465 (RMB-JS) <br><br> **OPINION** |

APPEARANCES:

Kevin T. Flood, Esq.
Law Office of Kevin T. Flood, Esq., LLC
181 Route 206
Hillsborough, New Jersey 08844
    On behalf of Plaintiff

Daniel Edward Rybeck, Esq.
Weir & Partners, LLP
20 Brace Road, Suite 200
Cherry Hill, NJ 08034
    On behalf of Defendants David Fuentes and Carol Warren

**BUMB**, United States District Judge

    Plaintiff Edward Scanlon IV brought this action under 42 U.S.C. § 1983, the New Jersey Civil Rights Act ("NJCRA") § 10:6-2; and the New Jersey Tort Claims Act ("NJTCA") § 59:1-1 *et seq.*

███ ███ ███████ ██ █ ████ ███████ ███ ██ ███████ █████ █ ███ ██ ████████ This matter now comes before the Court upon Defendants David Fuentes[1] and Carol Warren's motion for summary judgment ("Defs' Mot. for Summ. J.", ECF No. 112); Fuentes and Warren's Brief in Supp. of Mot. for Summ. J. ("Defs' Brief," ECF No. 112-2); Fuentes and Warren's Statement of Material Facts ("Defs' SOMF," ECF No. 112-1); Plaintiff's Opp. to Summ. J. Mot. ("Pl's Opp. Brief," ECF No. 130); Plaintiff's Reply to Statement of Material Facts ("Pl's Reply to SOMF," ECF No. 130-1); Plaintiff's Counter-statement of Material Facts ("Pl's SOMF," ECF No. 130-5); Reply to Pl's Opp. to Defs. Fuentes and Warren's Motion for Sum. J. ("Defs' Reply Brief," ECF No. 142); and Response to Pl's Counter-statement of Material Facts by Defs. Fuentes and Warren ("Defs' Reply to Pl's SOMF," ECF No. 142-1.)

Pursuant to Federal Rule of Civil Procedure 78(b), the Court will determine the motion for summary judgment on the briefs without oral argument. For the reasons set forth below, the Court grants David Fuentes' motion for summary judgment because it is unopposed and grants Warren's motion for summary judgment because Plaintiff's claims are barred by the statute of limitations.

---

[1] Plaintiff does not oppose Fuentes' motion for summary judgment. (Pl's Opp. Brief, ECF No. 130 at 9.)

I. BACKGROUND

Plaintiff filed this action in the New Jersey Superior Court, Law Division, Cumberland County on March 29, 2016, alleging civil rights violations under 42 U.S.C. § 1983; the New Jersey Civil Rights Act ("NJCRA"), § 10:6-2, and tort claims under the New Jersey law, N.J.S.A. §§ 59:1-1 *et seq.* (Compl., ECF NO. 1-1 at 8-18.) The defendants to the original complaint were Valeria Lawson ("Lawson"),[2] Felix Mickens ("Mickens"), Robert Balicki ("Balicki"), Veronica Surrency ("Surrency"), Michael Baruzza ("Barruza"), and John and/or Jane Does 1-45 (fictitious individuals) and ABC Corps. 1-45 (fictitious corporations). (Id. at 10-11.) ███████████████████████████████████████



---

[2] Plaintiff sued "Valerie" Lawson and Lawson corrected her name to "Valeria" upon answering the complaint. (Answer, ECF No. 26 at 1.)

Defendants removed the action to this Court on July 22, 2016. (Notice of Removal, ECF No. 1.) On July 29, 2016, Gregory R. Bueno, Deputy Attorney General of New Jersey, entered a Notice of Appearance on behalf of Mickens. (Not. of Appearance, ECF No. 4.) On August 3, 2016, Balicki, Surrency and Baruzza, represented by Patrick J. Madden, Esq., filed an answer to the original complaint, and a cross-claim for contribution and indemnification against Lawson and Mickens. (Answer, ECF No. 6.)

On September 28, 2016, Plaintiff sought an order for release of records from the State of New Jersey, Department of Children and Families ("DCF"), and the Court granted the request, subject to *in camera review* prior to disclosure to Plaintiff. (Order, ECF No. 18.) On December 12, 2016, the Court entered a Discovery Consent Confidentiality Order. (Order, ECF No. 23.)

On December 22, 2016, Gregory R. Bueno, Deputy Attorney General, filed a Notice of Appearance and Waiver of Service on behalf of Lawson, and Lawson filed an answer to the original complaint on January 9, 2017. (Notice of Appearance, ECF No. 24; Waiver of Service, ECF No. 25; Answer, ECF No. 26.) On May 9, 2017, the Court completed *in camera review* of discovery documents and sent the documents to Plaintiff's counsel.[3] Plaintiff received

---

[3] The Court resent the documents to Plaintiff's counsel on May 25, 2017, after the correct address was provided. (Letter Order, ECF No. 37.)

4

several extensions of time to file a motion to amend the complaint, and filed a motion to amend the complaint on July 21, 2017, and a corrected motion on July 26, 2017. (ECF Nos. 39-44.)

The motion to amend was granted on October 20, 2017. (Order, ECF No. 56.) Plaintiff filed a redacted amended complaint on October 26, 2017, and later filed an unredacted amended complaint. (Am. Compl., ECF Nos. 58, 88.) The amended complaint added claims against William M. Burke ("Burke") Supervisor, Compliance Monitoring Unit, New Jersey Juvenile Justice System ("JJC"); Bobby Stubbs ("Stubbs") Senior Juvenile Detention Officer at CCJDC; David Fuentes ("Fuentes") Juvenile Detention Officer at CCJDC; Harold Cooper ("Cooper") Senior Juvenile Detention Officer at CCJDC; Wesley Jordan ("Jordan") Juvenile Detention Officer at CCJDC; and Carol Warren LPN ("Warren") at CCJDC. (Am. Compl., ECF No. 88, ¶¶28-32.)

Burke, Lawson and Mickens, represented by Gregory R. Bueno, Deputy Attorney General, filed an answer to the amended complaint on December 26, 2017. (Answer, ECF No. 74.)[4] Jordan, represented by Justin R. White, Esq, filed an answer to the amended complaint on February 6, 2018. (Answer, ECF No. 84.) Warren and Fuentes, represented by Daniel E. Rybeck, Esq., entered an answer to the

---

[4] On October 10, 2018, Michael Vomacka, Deputy Attorney General, was substituted as counsel for Lawson, Mickens and Burke. (Substitution of Attorney, ECF No. 101).

5

amended complaint with a cross-claim for contribution and/or indemnification by the remaining defendants on February 15, 2018. (Answer, ECF No. 85.) Fuentes and Warren filed the present motion for summary judgment on August 15, 2019. (Defs' Mot. for Summ. J., ECF No. 112.)

II. THE AMENDED COMPLAINT

Plaintiff alleged the following in the amended complaint. Plaintiff was born on April 1, 1996, and was a minor at all relevant times alleged in the amended complaint. (Am. Compl., ¶19, ECF No. 88.) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



---
[5] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

█████████████████████████████████████████
█████████████████████████████████████████
██ ████ ████ ██ ███ ████ ████ ████ ███ █
█████████████████████████████████████████
███████████████████████
██ ██ █ █ ██ █ ███ ██ █ ██ █ █████ ██
█████████████████████████████████████████
███
█████████████████████████████████████████
█████████████████████████████████████████
██ ████ ██ ██ █ ██ ██ █ ██ ██ █ ██ █
██ ██ █ █ █ ██ ██ █ ██ █ █ ███ ██ █
███████████████

Lawson, Mickens and Burke of the New Jersey JJC "were responsible for ensuring that the JJC complies with state and federal law." (Id., ¶¶21 22, 23.) Balicki, Warden of CCJDC, and Baruzza, Division Head of CCJDC, are also named as defendants. (Id., ¶¶25-27.)

In Count One, Plaintiff alleges violations of substantive due process for excessive use of force, inhumane conditions, lack of health care and failure to protect from harm under 42 U.S.C. § 1983. (Am. Compl., ECF No. 88, ¶¶36-43.) Count Two of the amended complaint is for the same conduct in violation of the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2. (Id., ¶¶44-47.)

7

For the Count Three, Plaintiff alleges negligence under New Jersey state law. (Id., ¶¶48-51.) In Count Four, Plaintiff alleges

> Defendants' actions and failure(s) to act constituted a failure to act and/or discipline, which proximately caused a violation of plaintiffs' civil rights to procedural and substantive due process with violations are made actionable by the N.J.C.R.A.

(Am. Compl., ¶53, ECF No. 88.) Count Five is for punitive damages under New Jersey law. (Id., ¶¶58-61.) Counts Six and Seven are for intentional and negligent infliction of emotional distress under New Jersey law. (Id., ¶¶62-69.)

Count Eight is alleged against Jordan, Stubbs and Fuentes for excessive force in violation of the Fourth and Fourteenth Amendments. (Id., ¶¶70-72.) Counts Nine and Ten are alleged against Balicki, Surrency, Cooper, Baruzza, Burke, Lawson and Mickens for supervisory liability of their subordinates' violations of Plaintiff's constitutional rights in violation of 42 U.S.C. § 1983. (Id., ¶¶73-88.)

III. DISCUSSION

    A.    <u>Summary Judgment Standard of Review</u>

Summary Judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Daubert v. NRA Group, LLC</u>, 861 F.3d 382, 388 (3d Cir. 2017). "A dispute is "genuine" if 'a reasonable jury could

8

return a verdict for the nonmoving party,'" Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 752 (3d Cir. 2019) (quoting Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "[A] fact is 'material' where 'its existence or nonexistence might impact the outcome of the suit under the applicable substantive law.'" Id. (citing Anderson, 477 U.S. at 248).

The burden then shifts to the nonmovant to show, beyond the pleadings, "'that there *is* a genuine issue for trial." Daubert, 861 F.3d at 391 (quoting Celotex Corp. v. Catrett, 447 U.S. 317, 324 (1986) (emphasis in Daubert)). "With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Conoshenti v. Public Serv. Elec. & Gas, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting Celotex, 477 U.S. at 325).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> > (1) give an opportunity to properly support or address the fact;
> >
> > (2) consider the fact undisputed for purposes of the motion;
> >
> > (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> >
> > (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Fed. Rule Civ. Proc. 56(c). The court's role is "'not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial,'" Baloga, 927 F.3d at 752 (quoting Anderson, 477 U.S. at 249)).

Plaintiff does not oppose summary judgment on the tort claims as to Warren. (Pl's Brief, ECF No. 130 at 9.) Therefore, the Court need address only the § 1983 and NJCRA claims against Warren.

B. <u>Undisputed Material Facts</u>

The following material facts alleged by Warren are undisputed by Plaintiff. (Pl's Reply to SOMF, ECF No. 130-1.) Plaintiff initiated this matter in New Jersey Superior Court on March 29, 2016, for alleged events occurring while he was a juvenile detainee at the CCJDC between March 2, 2012 and March 5, 2012. (Defs' SOMF ¶1, ECF No. 112-1; Ex. 1, ECF No. 113 at 1.)

Plaintiff was born on April 1, 1996. (Defs' SOMF ¶2; Ex. 3 at 14:13-14, ECF No. 113 at 34.) Carol Warren was not named as a defendant in the original complaint. (Defs' SOMF ¶4, ECF No. 112-1.) On October 26, 2017, Plaintiff filed an amended complaint, adding Warren as a defendant.[6]

On February 15, 2018, Warren filed her answer to Plaintiff's amended complaint, which includes the affirmative defense that Plaintiff's claims are barred by the applicable statute of limitations. (Defs' SOMF ¶15; Answer, ECF No. 85.) ████ ████ ████ ████ ████ ████ ████ ████ ████ ████ ████

---

[6] Warren asserts that Plaintiff filed the amended complaint on March 28, 2018. (Defs' SOMF, ¶10; ECF No. 112-1.) However, Plaintiff filed a redacted amended complaint on the Court's electronic filing system on October 26, 2017, and filed an unredacted copy of the same amended complaint on March 28, 2018. (ECF Nos. 58, 88.)

11

███ ████ ███ ████ ██ █████[7] ██████ ██ ██ ████ █ ████ █ ████ █ ████ █ ████ █ ████ █ ████ ██████████ ████████████████████████ ██████ ██ █████ █ ██ █████ ████ ██ ██ ██████ █████████ ████████ █████████

C. <u>Statute of Limitations</u>

Warren contends that Plaintiff's § 1983 claims are barred by the two-year statute of limitations. (Defs' Brief at 10, ECF No. 112-2.) Plaintiff's original complaint, which pertained only to the events of March 2012, and did not name Warren as a defendant, was filed on March 29, 2016. (Compl., ECF No. 1-1 at 8.) Plaintiff filed an amended complaint on October 26, 2017, adding Warren as a defendant ██ ██████ █████ █ █ █████ █ █████ █ ████████ █ █ ████ █ ████ (Am. Compl., ECF Nos. 58, 88.) Plaintiff turned eighteen-years-old and reached legal adulthood on April 1, 2014, which caused his claims to accrue on April 1, 2016. (Defs' Brief at 10, ECF No. 112-2.) Plaintiff did not sue Warren until October 26, 2017. (Am. Compl., ECF Nos. 58, 88.) Therefore, Warren argues that Plaintiff's claims are barred by the statute of limitations.

---

7 ████████████████████████████████████████████████████████ ██ ████ ████ ████ ████ ████ ████ ████ ████ ████ ████ ████ ██ ████████████████████████ ██████████████████████████████

In his brief in opposition to summary judgment, Plaintiff did not respond to Warren's statute of limitations defense. (Pl's Opp. Brief, ECF No. 130.) Warren asserts that because Plaintiff did not set forth an opposition to the statute of limitations defense, Warren must be granted summary judgment. (Warren's Reply Brief, ECF No. 142 at 3.)

C. <u>Analysis</u>

Plaintiff's federal claims are brought under 42 U.S.C. § 1983. Section 1983 does not create substantive rights but provides a remedy for violation of federal rights. <u>Dique v. New Jersey State Police</u>, 603 F.3d 181, 185 (3d Cir. 2010). Such claims are characterized as personal injury claims, and state law provides the statute of limitations. <u>Id.</u> (citing <u>Cito v. Bridgewater Twp. Police Dep't</u>, 892 F.2d 23, 25 (3d Cir. 1989)). Under New Jersey law, personal injury torts are subject to a two-year statute of limitations. <u>Id.</u> (citing N.J.S.A. § 2A:14-2).[8] Claims under the

---

[8] N.J.S.A. § 2A:14-2, provides, in pertinent part:

> Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued…

13

New Jersey Civil Rights Act are also subject to a two-year statute of limitations. Lapolla v. County of Union, 157 A.3d 458, 465 (N.J. Super. Ct. App. Div. 2017) (citing N.J.S.A. § 2A:14-2(a)).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). A claim accrues "when the plaintiff knew or should have known of the injury upon which its action is based." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted)).

"The general rule is that state tolling principles also govern § 1983 claims." Id. at 639 (citing Hardin v. Straub, 490 U.S. 536, 539 (1989)); Island Insteel Sys. v. Waters, 296 F.3d 200, 210 n. 4 (3d Cir. 2002)). In New Jersey, the statute of limitations for personal injury claims is tolled until a minor reaches the age of majority, age eighteen. See N.J.S.A. § 2A:14-21; N.J.S.A. § 9:17B-1; Standard v. Vas, 652 A.2d 746, 749 (N.J. Super. Ct. App. Div. 1995) (confirming that the tolling period ends upon a claimant's eighteenth birthday).

There is no dispute that Plaintiff was born on April 1, 1996. ███████████████████████████ ███████████████████████████████ Under New Jersey law, the statute of limitations was "tolled" until he turned eighteen on April 1, 2014. Therefore, any § 1983 and NJCRA claims against Warren had to be filed by April 1, 2016. The amended

14

complaint, adding Warren as a defendant based on additional new facts, was filed on October 26, 2017.

    1.   <u>Relation back under FRCP 15(c)(1)(A)</u>

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." <u>Krupski v. Costa Crociere S. p. A.</u>, 560 U.S. 538, 541 (2010). Although Plaintiff did not argue that his claims against Warren relate back to his original complaint, filed on March 29, 2016, because Plaintiff opposes summary judgment in favor of Warren on the Section 1983 and NJCRA claims, the Court will address whether the amended complaint relates back to the original complaint for statute of limitations purposes.

An amendment can relate back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back, and the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading. Fed. Rule Civ. P. 15(c)(1)(A), (B).

New Jersey Court Rule 4:26-4 applies to actions in which fictitious parties are named when the defendant's true name is unknown to the plaintiff. It provides:

> if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.
>
> If, however, defendant acknowledges his or her true name by written appearance or orally in open court, the complaint may be amended without notice and affidavit. No final judgment shall be entered against a person designated by a fictitious name.

N.J. Ct. R. R. 4:26-4.

In the original complaint, Plaintiff does not identify Warren as a defendant ███ ███ ███ ███ █ ██████ ██████ ██ ██ █ ███ ██ ██████ █ █████ █ ███ █ ███ █ ███ █ ██████████████████.

"The fictitious name designation [] must have appended to it an 'appropriate description sufficient to identify' the defendant." DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004) (quoting Rutkowski v. Liberty Mut. Ins. Co., 506 A.2d 1302, 1306-07 (N.J. Super. Ct. App. Div. 1986)). "The purpose of providing a sufficient description under Rule 4:26-4 is two-fold: it gives notice of the cause of action while also helping to identify the unknown defendant. Descriptions which are too vague or broad fail to achieve these goals." Miles v. CCS Corp., No. A-

16

5947-12T3, 2015 WL 5009883, at *6 (N.J. Super. Ct. App. Div. Aug. 18, 2015).

The original complaint identified "John or Jane Does 6-15" as Correctional Officers and Shift Commander at the CCJDC. (Compl., ECF No. 1-1, ¶¶21-22.) The original complaint did not describe any actions or failure to act by a nurse at CCJDC. The allegations against John and Jane Doe defendants were too vague to give Warren notice or to help identify Warren as a defendant for purposes of Rule 4:26-4.

New Jersey also has a general relation back rule, New Jersey Court Rule 4:9-3.

> Rule 4:9-3, New Jersey's general relation back rule, provides that an amendment changing the party against whom a claim is asserted relates back to the date of the original complaint if: (1) it arose out of the same transaction or occurrence set forth in the original pleading; (2) the proposed defendant received notice of the institution of the action within the limitations period such that the party will not be prejudiced in maintaining a defense; and (3) the proposed defendant knew or should have known that, but for the misidentification of the proper party, the action would have been brought against him or her. Arroyo v. Pleasant Garden Apartments, 14 F.Supp.2d 696, 701 (D.N.J.1998) (citing Viviano v. CBS, Inc., 101 N.J. 538, 503 A.2d 296, 304 (1986)).

Monaco v. City of Camden, 366 F. App'x 330, 334 (3d Cir. 2010).

The claims against Warren were not added until the statute of limitations expired, and Warren was not notified of the claims against her until the amended complaint was served on her on

17

November 10, 2017. (Aff. of Service, ECF No. 78.) Warren did not receive notice of this action within the limitations period, as required for relation back under New Jersey Rule 4:9-3.

Moreover, the original complaint did not misidentify a party that Warren should have known was her. See Otchy v. City of Elizabeth Bd. of Educ., 737 A.2d 1151, 1155 (N.J. Super. Ct. App. Div. Oct. 15, 1999) ("[a] misnomer occurs where the correct party is already before the court, but the name in the complaint is deficient in some respect.") Thus, the amended complaint does not relate back to the original complaint under New Jersey Court Rule 4:9-3.

2. Relation back under FRCP 15(c)(1)(C)

Under federal law, an amendment can relate back to the date of the original pleading when

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). This rule is inapplicable to Warren because Plaintiff did not add Warren as a defendant based on a mistake concerning her identity. Instead, it appears that Plaintiff learned of Warren's involvement after the statute of limitations expired, having earlier identified only John Doe Corrections Officers and Shift Commander as potential defendants. Plaintiff's claims against Warren do not relate back to the original timely-filed complaint under Fed. R. Civ. P. 15(c)(1)(C).

IV. CONCLUSION

For the reasons discussed above, Defendants David Fuentes and Carol Warren's motion for summary judgment is granted and the claims are dismissed with prejudice.

An appropriate order follows.

Date: January 16, 2020

s/Renée Marie Bumb
RENÉE MARIE BUMB
**United States District Judge**