**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

EDWARD SCANLON, IV

                    Plaintiff

          v.

VALERIA LAWSON, *et al.*,

                    Defendants

---

Civ. No. 16-4465 (RMB-JS)

**OPINION**
**(SEALED)**

APPEARANCES:

Kevin T. Flood, Esq.
Law Office of Kevin T. Flood, Esq., LLC
181 Route 206
Hillsborough, New Jersey 08844
          On behalf of Plaintiff

Justin Robert White, Esq.
Testa Heck Testa & White, PA
424 W. Landis Avenue
Vineland, New Jersey 08360
          On behalf of Defendant Wesley Jordan


**BUMB,** United States District Judge

     Plaintiff Edward Scanlon IV brought this action under 42
U.S.C. § 1983, the New Jersey Civil Rights Act ("NJCRA") § 10:6-
2; and the New Jersey Tort Claims Act ("NJTCA") § 59:1-1 *et seq.*
As to Defendant Wesley Jordan ("Jordan"), Plaintiff alleges ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████  ████████████████████████████████████████████

███████████████████████████████████████

███████ This matter now comes before the Court upon Defendant Wesley Jordan's ("Jordan") Motion for Summary Judgment ("Jordan's Mot. for Summ. J.," ECF No. 117); Brief in Supp. of Jordan's Mot. for Summ. J., ("Jordan's Brief," ECF No. 117-1); Statement of Material Facts in Support of Jordan's Mot. for Summ. J. ("Jordan's SOMF," ECF No. 117-2); Plaintiff's Opposition to Summary Judgment Motions ("Pl's Opp. Brief," ECF No. 130); Plaintiff's Reply to Statement of Material Facts in Support of Defendant Wesley Jordan's Motion for Summary Judgment ("Pl's Reply to Jordan's SOMF," ECF No. 130-2); Plaintiff's Counter-statement of Material Facts (ECF No. 130-5); and Reply Brief in Supp. of Jordan's Mot. for Summ. J. ("Reply Brief," ECF No. 141).

Pursuant to Federal Rule of Civil Procedure 78(b), the Court will determine the motion for summary judgment on the briefs without oral argument. For the reasons set forth below, the Court grants Jordan's motion for summary judgment because Plaintiff's claims are barred by the statute of limitations.

I.    PROCEDURAL BACKGROUND

Plaintiff filed this action in the New Jersey Superior Court, Law Division, Cumberland County on March 29, 2016, alleging civil rights violations under 42 U.S.C. § 1983; the New Jersey Civil Rights Act § 10:6-2; and tort claims under the New Jersey law, N.J.S.A. § 59:1-1 *et seq.* (Compl., ECF NO. 1-1 at 8-18.) The

defendants to the original complaint were Valeria Lawson
("Lawson"),[1] Felix Mickens ("Mickens"), Robert Balicki
("Balicki"), Veronica Surrency ("Surrency"), Michael Baruzza
("Baruzza"), and John and/or Jane Does 1-45 (fictitious
individuals) and ABC Corps. 1-45 (fictitious corporations).
(Compl., ECF No. 1-1 at 10-11.) The action arose out of incidents
alleged to have occurred at the Cumberland County Juvenile
Detention Center in March 2012. (Id. at 8.) ██████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████

        Defendants removed the action to this Court on July 22, 2016.
(Notice of Removal, ECF No. 1.) On July 29, 2016, Gregory R. Bueno,
Deputy Attorney General of New Jersey, entered a Notice of
Appearance on behalf of Mickens. (Not. of Appearance, ECF No. 4.)
On August 3, 2016, Balicki, Surrency and Baruzza, represented by
Patrick J. Madden, Esq., filed an answer to the original complaint,

---

[1] Plaintiff sued "Valerie" Lawson and Lawson corrected her name
to "Valeria" upon answering the complaint. (Answer, ECF No. 26
at 1.)

and a cross-claim for contribution and indemnification against Lawson and Mickens. (Answer, ECF No. 6.)

On September 28, 2016, Plaintiff sought an order for release of records from the State of New Jersey, Department of Children and Families ("DCF"), and the Court granted the request, subject to *in camera review* prior to disclosure to Plaintiff. (Order, ECF No. 18.) On December 12, 2016, the Court entered a Discovery Consent Confidentiality Order. (Order, ECF No. 23.)

On December 22, 2016, Gregory R. Bueno, Deputy Attorney General, filed a Notice of Appearance and Waiver of Service on behalf of Lawson, and Lawson filed an answer to the original complaint on January 9, 2017. (Notice of Appearance, ECF No. 24; Waiver of Service, ECF No. 25; Answer, ECF No. 26.) On May 9, 2017, the Court completed *in camera review* of discovery documents and sent the documents to Plaintiff's counsel.[2] Plaintiff received several extensions of time to file a motion to amend the complaint, and filed a motion to amend the complaint on July 21, 2017, and a corrected motion on July 26, 2017. (ECF Nos. 39-44.)

The motion to amend was granted on October 20, 2017. (Order, ECF No. 56.) Plaintiff filed a redacted amended complaint on October 26, 2017, and later filed an unredacted amended complaint.

---

[2] The Court resent the documents to Plaintiff's counsel on May 25, 2017, after the correct address was provided. (Letter Order, ECF No. 37.)

(Am. Compl., ECF Nos. 58, 88.) The amended complaint added claims against William M. Burke ("Burke") Supervisor, Compliance Monitoring Unit, New Jersey Juvenile Justice System ("JJC"); Bobby Stubbs ("Stubbs") Senior Juvenile Detention Officer at CCJDC; David Fuentes ("Fuentes") Juvenile Detention Officer at CCJDC; Harold Cooper ("Cooper") Senior Juvenile Detention Officer at CCJDC; Wesley Jordan ("Jordan") Juvenile Detention Officer at CCJDC; and Carol Warren LPN ("Warren"), at CCJDC. (Am. Compl., ECF No. 88, ¶¶23-32.)

Burke, Lawson and Mickens, represented by Gregory R. Bueno, Deputy Attorney General, filed an answer to the amended complaint on December 26, 2017. (Answer, ECF No. 74.)[3] Jordan, represented by Justin R. White, Esq, filed an answer to the amended complaint on February 6, 2018. (Answer, ECF No. 84.) Warren and Fuentes, represented by Daniel E. Rybeck, Esq., entered an answer to the amended complaint, with a cross-claim for contribution and/or indemnification by the remaining defendants, on February 15, 2018. (Answer, ECF No. 85.) Jordan filed the present motion for summary judgment on August 15, 2019. ("Jordan's Mot. for Summ. J.," ECF No. 117.)

---

[3] On October 10, 2018, Michael Vomacka, Deputy Attorney General, was substituted as counsel for Lawson, Mickens and Burke. (Substitution of Attorney, ECF No. 101).

## II. THE AMENDED COMPLAINT

Plaintiff alleged the following in the amended complaint. Plaintiff was born on April 1, 1996, and was a minor at all relevant times alleged in the amended complaint. (Am. Compl., ¶19, ECF No. 88.)



Lawson, Mickens and Burke of the New Jersey JJC "were responsible for ensuring that the JJC complies with state and federal law." (Id., ¶¶21 22, 23.) Balicki, Warden of CCJDC, and Baruzza, Division Head of CCJDC, are also named as defendants. (Id., ¶¶25-27.)

In Count One, Plaintiff alleges violations of substantive due process for excessive use of force, inhumane conditions, lack of health care and failure to protect from harm under 42 U.S.C. § 1983. (Id., ¶¶36-43.) Count Two of the amended complaint is for the same conduct in violation of the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2. (Id., ¶¶44-47.)

For Count Three, Plaintiff alleges negligence under New Jersey state law. (Id., ¶¶48-51.) In Count Four, Plaintiff alleges

> Defendants' actions and failure(s) to act
> constituted a failure to act and/or
> discipline, which proximately caused a
> violation of plaintiffs' civil rights to
> procedural and substantive due process with

> violations are made actionable by the
> N.J.C.R.A.
>
> Defendants knew or should have known of the
> violation of plaintiffs' rights, and acted and
> failed to act so as to permit the violation of
> plaintiffs' rights intentionally and/or
> recklessly and with deliberate indifference.
>
> Defendants owed Plaintiff a duty of care under
> common law and under N.J.S.A. §2A:4A-21 and
> N.J.A.C. §§ 13:95-8.9, 13:101-1.1
>
> Defendants Breach[ed] Those Duties by their
> Acts and Omissions.
>
> Defendants' breach of duty was the proximate
> cause of Plaintiff's physical and
> psychological injuries.

(Am. Compl., ¶¶53-57, ECF No. 88.) Count Five is for punitive

damages under New Jersey law. (Id., ¶¶58-61.) Counts Six and Seven

are for intentional and negligent infliction of emotional distress

under New Jersey law. (Id., ¶¶62-69.)

Count Eight is alleged against Jordan, Stubbs and Fuentes for

excessive force in violation of the Fourth and Fourteenth

Amendments. (Id., ¶¶70-72.) Counts Nine and Ten are alleged against

Balicki, Surrency, Cooper, Baruzza, Burke, Lawson and Mickens for

supervisory liability of their subordinates' violations of

Plaintiff's constitutional rights in violation of 42 U.S.C. § 1983.

(Id., ¶¶73-88.)

III. DISCUSSION

    A.   Summary Judgment Standard of Review

Summary judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Daubert v. NRA Group, LLC, 861 F.3d 382, 388 (3d Cir. 2017). The burden then shifts to the nonmovant to show, beyond the pleadings, "'that there *is* a genuine issue for trial." Id. at 391 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (emphasis in Daubert)).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Fed. Rule Civ. Proc. 56(c)).

> If a party fails to properly support an assertion of fact or fails to properly address

another party's assertion of fact as required
by Rule 56(c), the court may:

> (1) give an opportunity to properly
> support or address the fact;
>
> (2) consider the fact undisputed for
> purposes of the motion;
>
> (3) grant summary judgment if the motion
> and supporting materials--including the
> facts considered undisputed--show that
> the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

    B.    <u>Undisputed Material Facts</u>

The following are undisputed material facts relevant to

Jordan's motion for summary judgment based on the statute of

limitations:

- Plaintiff's claims against Jordan arise out of a series of
  alleged incidents that took place between March 2, 2012 and
  March 5, 2012. (Jordan's SOMF ¶2, ECF No. 117-2; Exhibit A,
  ¶8, ECF No. 117-5.)



██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

- Plaintiff's (initial) Complaint was filed in the New Jersey Superior Court on March 29, 2016. (Id., ¶32; Ex. B, ECF No. 117-6.)

- Plaintiff's complaint named as defendants Valerie Lawson, Felix Mickens, Robert Balicki, Veronica Surrency, Michael Baruzza and various fictitious "John Doe" defendants. (Id., ¶34.)

- Plaintiff's complaint did not name Wesley Jordan as a defendant. (Id., ¶35; Ex. C, ECF No. 117-7.)

- On or about October 5, 2016, defendants Balicki, Surrency and Baruzza provided Rule 26 initial disclosures to Plaintiff (the "Disclosures"). (Id., ¶36; Ex. C.)

- The Disclosures identified to Plaintiff ten individuals likely to have discoverable information. (Id., ¶37; Ex. C.)





- On July 21, 2017, Plaintiff moved before the Court to file his amended complaint. (Pl's SOMF, ¶40, ECF No. 117-2; ECF Nos. 42 and 44).

- Plaintiff filed his Amended Complaint on October 26, 2017. (Id., ¶43; ECF No. 58.)

- Jordan answered the amended complaint and set forth various defenses including the defense that "[t]he Plaintiff's Amended Complaint is barred by the applicable statute of limitations." (Id., ¶46; Ex. D, p. 13, ECF No. 117-8.)

C.    Statute of limitations

Jordan seeks summary judgment on the basis that all claims against him are barred by the statute of limitations. (Jordan's Brief, ECF No. 117-1 at 9.)[5] He contends that Plaintiff's state

_____

[5] Jordan also moves for summary judgment on the basis that Plaintiff's tort claims are barred due to his failure to comply with the procedural requirements of the New Jersey Tort Claims Act. (Jordan's Brief, ECF No. 11-7 at 13.) The Court need not reach

law claims are subject to a two-year statute of limitations under N.J.S.A. § 2A:14-2, and his federal claims under 42 U.S.C. § 1983 are governed by the same two-year limitations period. (Jordan's Brief, ECF No. 117-1 at 9.) Jordan acknowledges that Plaintiff was a minor when the causes of action accrued, and pursuant to N.J.S.A. § 2A-14-21, the two-year limitations period was tolled until Plaintiff reached the age of majority, eighteen years of age. (Id.) Plaintiff reached the age of majority on April 1, 2014. (Id. at 10.) Jordan asserts Plaintiff's personal injury claims were, therefore, required to be filed by April 1, 2016. (Id.) Plaintiff, however, did not file an amended complaint against Jordan until October 26, 2017, more than one and a half years later. (Id.)

In his motion, Jordan anticipates that Plaintiff will argue that his amended complaint "relates back" to his original complaint, filed on March 29, 2016. (Id.) Jordan asserts, however, that the claims against him should not relate back under Federal Rule of Civil Procedure 15(c)(1)(A) because Plaintiff failed to exercise due diligence to substitute Wesley Jordan for a "John Doe" defendant named in the original complaint. (Id. at 10-12.) Additionally, Jordan asserts Plaintiff knew or should have known

---

this issue because all of Plaintiff's claims against Jordan are barred by the statute of limitations.

Jordan's identity when he filed the original complaint. (Jordan's Brief, ECF No. 117-1 at 12.)

Jordan also contends the amended complaint should not relate back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(C) because Jordan did not have notice of the Plaintiff's lawsuit until January 2018. (Id.) Jordan left his employment with Cumberland County and moved to North Carolina almost one year prior to the day Plaintiff filed his original complaint. (Id.)

Plaintiff opposes summary judgment on statute of limitations grounds. (Pl's Opp. Brief, ECF No. 130 at 10.) ████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████ █ ████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

6 ████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████

██████████████████████ relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(A) because New Jersey's fictitious party rule allows relation back where Plaintiff diligently sought to identify the defendant's true name. (Pl's Opp. Brief, ECF No. 130 at 12.) Plaintiff asserts the following facts in support of his diligence in amending his complaint to identify Wesley Jordan by name. █████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████



Plaintiff asserts his counsel could not identify ▮

▮ when he received the initial disclosures from Patrick Madden, Esq. (<u>Id.</u> at 16.) Even after the initial disclosures, Plaintiff contends his counsel did not have detailed information. (<u>Id.</u> at 16-17.)

On December 12, 2016, Magistrate Judge Joel Schneider entered a Discovery Consent Confidentiality Order signed by all parties. (<u>Id.</u> at 17.) On or after January 12, 2017, Plaintiff's counsel received discovery, bate stamped Balicki000001-Balicki000776, from Mark W. Strasle, Esq. of the firm Madden & Madden, P.A., which detailed ▮▮▮. (<u>Id.</u>) At a status conference before

---

[7] Plaintiff's Brief contains typographical errors concerning the discovery dates, which fell in the year 2016 not 2012. (Pl's Brief, ECF No. 130 at 16-17.)

Magistrate Judge Schneider on January 23, 2017, Plaintiff's counsel informed the Court that he could now amend the complaint to add new parties but he was not sure whether there would be additional parties to add after receiving further discovery regarding the DCF report. (Pl's Opp. Brief, ECF No. 130 at 17.) Amendment of the pleadings was put on hold pending further discovery. (<u>Id.</u>)

Discovery regarding the DCF report was subject to *in camera* review by Magistrate Judge Schneider. (<u>Id.</u> at 18.) On or about May 9, 2017, *in camera review* was completed and discovery provided to plaintiff counsel's office for "Attorney Eyes Only." (<u>Id.</u>) At a telephone status conference on June 15, 2017, the parties discussed amending the complaint (<u>Id.</u>; Certification of Kevin T. Flood, ECF No. 130-7, ¶¶14-16.) On June 15, 2017, Magistrate Judge Schneider entered the following: "AMENDED SCHEDULING ORDER: Plaintiff shall file his motion to amend his pleading without prejudice to defendants' right to assert timeliness defenses by 7/17/2017." (<u>Id.</u>, ¶20.) On July 13, 2017, Magistrate Judge Schneider extended the date for plaintiff to amend his pleading to July 21, 2017. (<u>Id.</u>, ¶21.)

Plaintiff also submits that his allegations against Jordan should relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(C) because ███████████████████████ ████████████████████████████████████████████

17

administrative proceedings in 2012. (Pl's Opp. Brief, ECF No. 130 at 20.) Plaintiff contends there is no prejudice because Jordan should have known this might result in a subsequent lawsuit against him and that he was the John Doe named in the original complaint. (Pl's Opp. Brief, ECF No. 130 at 20.)

In reply, Jordan contends the following are undisputed facts entitling him to summary judgment:

- Plaintiff's claims against him arose on March 2-5, 2012 and the State of New Jersey conducted an investigation into the incident;

- The State's written investigative materials included numerous interviews and statements that identify Jordan by name;

- █████████████████████████████████████████████████████████████

- Edward Scanlon had been represented by legal counsel as to the civil claims asserted in this lawsuit since no later than September 18, 2012;

- Scanlon turned 18 years of age and reached legal adulthood on April 1, 2014;

- Scanlon's (original) complaint was filed in the New Jersey Superior Court on March 29, 2016;

- Scanlon's complaint was filed when he was of the age 19 years and 363 days;

- Scanlon's complaint did not name Wesley Jordan as a defendant;

- On or about October 5, 2016, defendants Balicki, Surrency and Baruzza provided Rule 26 initial disclosures;

- The October 5, 2016 Disclosures identified ██████████ ███████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████

██████ ;           ────────────────────────────────

- On January 12, 2017, Plaintiff receiv
  ████████████████████████████████████████████████████
  ████████████████████████████████████████████

- Plaintiff did not move to amend his complaint until July 21,
  2017, which was 289 days following the date of the
  Disclosures; and 190 days following the date that Plaintiff
  received discovery bate stamped Balicki 00001-00776.

(Reply Brief, ECF No. 141 at 2-4.)

In particular, Jordan argues that Plaintiff's efforts to
obtain his identity ceased no later than June 22, 2012, ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████     (Id. at 4.) Jordan asserts that Plaintiff and/or his
agents could have:

- Formally or informally interviewed any persons employed by or
  incarcerated at the CCJDC in an effort to obtain his identity;

- Filed requests under the Open Public Records Act ("OPRA") in
  order to get reports and/or other documents that might
  identify the subject;

- Filed an OPRA request to obtain a roster of employees at the
  CCJDC;

- Retained an investigator to track down and identify the
  subject JDO;

- Searched the free, online public records databases that lists
  public employees;

- Had Plaintiff talk to his fellow detainees as to the name of the person involved;

- Filed suit in order to obtain subpoena power and the ability to take depositions;

- Filed a petition under F.R.C.P. 27 and/or N.J. Ct. Rule 4:11-1 in order to obtain and preserve documents that would be pertinent in this litigation;

- Formally written to the CCJDC administration and demanded the name of the subject JDO;

- Formally written ██████████████████ an unredacted and complete version ██████████████████.

(Reply Brief, ECF No. 141 at 4-5.)

Jordan further argues that Plaintiff should have amended the complaint upon receiving the Disclosures by Balicki, Surrency and Baruzza on or about October 5, 2016 or upon receiving the documents that were bate stamped Balicki 00001-00776, which unequivocally showed that Wesley Jordan was the "John Doe" ██████████ ██████.

C.   Analysis

Plaintiff's federal claims are brought under 42 U.S.C. § 1983. Section 1983 does not create substantive rights but provides a remedy for violation of federal rights. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). Such claims are characterized as personal injury claims, and state law provides the statute of limitations. Id. (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). Under New Jersey

law, personal injury torts are subject to a two-year statute of limitations. Id. (citing N.J.S.A. § 2A:14-2).[8] Claims under the New Jersey Civil Rights Act are also subject to a two-year statute of limitations. Lapolla v. County of Union, 157 A.3d 458, 465 (N.J. Super. Ct. App. Div. 2017) (citing N.J.S.A. § 2A:14-2(a)).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). A claim accrues "when the plaintiff knew or should have known of the injury upon which its action is based." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted)).

"The general rule is that state tolling principles also govern § 1983 claims." Id. at 639 (citing Hardin v. Straub, 490 U.S. 536, 539, (1989)); Island Insteel Sys. v. Waters, 296 F.3d 200, 210 n. 4 (3d Cir. 2002)). In New Jersey, the statute of limitations for personal injury claims is tolled until a minor reaches the age of majority, age eighteen. See N.J.S.A. § 2A:14-21; N.J.S.A. § 9:17B-1(a); Standard v. Vas, 652 A.2d 746, 749 (N.J. Super. Ct. App.

---

[8]  N.J.S.A. § 2A:14-2, provides, in pertinent part:

> Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued…

Div. 1995) (confirming that the tolling period ends upon a claimant's eighteenth birthday).

There is no dispute that Plaintiff was born on April 1, 1996. Thus, he was a minor at the time ████████████████████████████ ████████████████████████████████████ Under New Jersey law, the statute of limitations was tolled until he turned eighteen on April 1, 2014. Therefore, any action against Wesley Jordan had to be filed by April 1, 2016. The amended complaint, substituting Wesley Jordan for "John Doe," was not filed until October 26, 2017.

      1.   Relation back under FRCP 15(c)(1)(A)

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010). Plaintiff contends his claims against Jordan should relate back to the original complaint, filed on March 29, 2016. An amendment can relate back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back, and the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading. Fed. Rule Civ. P. 15(c)(1)(A),(B). New Jersey Court Rule 4:26-4 applies to actions in which fictitious parties are named

22

when the defendant's true name is unknown to the plaintiff.[9] It

provides:

> if the defendant's true name is unknown to the
> plaintiff, process may issue against the
> defendant under a fictitious name, stating it
> to be fictitious and adding an appropriate
> description sufficient for identification.
> Plaintiff shall on motion, prior to judgment,
> amend the complaint to state defendant's true
> name, such motion to be accompanied by an
> affidavit stating the manner in which that
> information was obtained.
>
> If, however, defendant acknowledges his or her
> true name by written appearance or orally in
> open court, the complaint may be amended
> without notice and affidavit. No final
> judgment shall be entered against a person
> designated by a fictitious name.

N.J. Ct. R. 4:26-4.

To take advantage of the fictitious party rule, a plaintiff

must exercise due diligence to discover the defendant's true name

before and after filing the complaint. DeRienzo v. Harvard Indus.,

Inc., 357 F.3d 348, 353 (3d Cir. 2004) (citing Farrell v. Votator

Div. of Chemetron Corp., 62 N.J. 111, 299 A.2d 394, 396 (1973);

Claypotch v. Heller, Inc., 360 N.J.Super. 472, 823 A.2d 844, 848-

49 (2003)). The rule is unavailable if a plaintiff should have

known, by exercise of due diligence, the defendant's identity prior

---

[9] New Jersey Rule 4:9-3, allowing relation back of amendments, is
not applicable where a plaintiff filed suit against fictitious
parties "presupposing a need for later amendment, rather than
mistakenly identifying incorrect defendants." McGill v. John Does
A-Z, 541 F. App'x 225, 227-28 (3d Cir. 2013).

to the expiration of the statute of limitations. <u>DiRienzo</u>, 357
F.3d at 353 (citing <u>Mears v. Sandoz Pharms., Inc.</u>, 693 A.2d 558,
561–63 (N.J. Super. Ct. App. Div. 1997)).

The meaning of due diligence varies with the facts of each
case. <u>Id.</u> at 354 (quoting <u>O'Keeffe v. Snyder</u>, 416 A.2d 862, 873
(N.J. 1980)). However, at a minimum, "plaintiffs must 'investigate
all potentially responsible parties in a timely manner' in order
to satisfy the diligence requirement." <u>Id.</u> (quoting <u>Matynska v.
Fried</u>, 811 A.2d 456, 457 (N.J. 2002)). In addition, application of
the rule must not prejudice the defendant. <u>Id.</u> at 353-54 (citing
<u>Farrell</u>, 299 A.2d at 400; <u>Mears</u>, 693 A.2d at 563-64.))

As laid out above, the following facts are not in dispute.
Plaintiff's counsel was retained sometime before September 18,
2012, when he filed a notice of Plaintiff's claims pursuant to the
New Jersey Tort Claim Act; and Plaintiff's father contacted
Plaintiff's counsel when he received ███████████████████████,
and he sent counsel the report. Jordan's SOMF, ¶29, ECF No. 117-
2; Ex. N, ECF No. 117-18; Ex. A, ECF No. 130-8 at 3.) At that time,
Plaintiff's counsel was certainly on notice that he would have to
learn the name of the officer whose name was withheld in the
Report. Inexplicably, Plaintiff's counsel did nothing to discover
the unknown officer's identity for nearly four years, when he filed
a complaint against "John Doe" on March 29, 2016, with only days
remaining on the statute of limitations. The "John Doe" designation

was a general one; it did not identify the John Doe ███████████

███████████████████████████████████████

As Jordan correctly points out, records identifying Wesley Jordan were potentially available through a request under the New Jersey Open Public Records Act, N.J.S.A. § 47:1A-5. See Monaco v. City of Camden, 366 F. App'x 330, 334 (3d Cir. 2010) (finding the plaintiff was not diligent before expiration of the statute of limitations when he failed to take any additional actions after first request to identify the defendant failed.) After ████████

████████████████████████████ ███████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████

Moreover, counsel could also have formally or informally interviewed CCJDC staff, former staff or CCJDC residents in an attempt to learn the identify of the unknown officer. Given that

████████████████████████████████████████

████████████████████████████ he could also have questioned Plaintiff whether Jordan was the unknown officer. If Plaintiff still could not remember, Plaintiff's counsel could have asked Plaintiff the names of the other juveniles ███████████ ████████████████████ and sought the identity of the officer from them.

Most importantly, if counsel had filed the complaint sooner, he could have used formal discovery methods to obtain John Doe's identity. Waiting until the statute of limitations was within two days of expiring to file the complaint without knowing the identity of the officer was very risky. Efforts to identify the defendant after filing the complaint do not make up for lack of diligence in the years prior to filing. McGill v. John Does A-Z, 541 F. App'x 225, 228 (3d Cir. 2013). To be clear, the Court is not suggesting that any of the foregoing measures would have born fruit. But that is no excuse for not trying. It is not the results but the efforts that matter here.

Moreover, upon filing the complaint, Plaintiff's counsel should have immediately taken steps to learn "John Doe's" identity. After the complaint was filed in March and removed to this Court in July 2016, Plaintiff's counsel asked to reschedule the initial status conference for September 22, 2016. (Letter, ECF No. 11.) On September 28, 2016, approximately six months after the complaint was filed, Plaintiff's counsel sought a court order for release of records ███████████████████████████████████████████████████
██████ (Order, ECF Nos. 18, 19.)
████████████████████████████████████, Plaintiff's counsel received initial disclosures in October 2016 that identified Jordan by name. (Ex. C, ECF No. 117-7 at 3.) Plaintiff's counsel explains "even after having receiving these initial disclosures,

I still did not have the discovery or detailed information regarding ██████████████████████████ to make my own independent evaluation as to who else was involved, and their level involvement." (Cert. of Counsel, ECF No. 130-7, ¶9.) It is hard to understand what more counsel needed: the Disclosures identified ████████████████. By this point in time, the statute of limitations had expired six months earlier. Still, counsel did not seek leave to file an amended complaint.

On January 12, 2017, Plaintiff's counsel received discovery that further identified ████████████████████████████ ████████████████████████████████████████ ██████████████████████████ (Cert. of Counsel, ECF No. 130-7, ¶¶11-13.) Plaintiff's counsel recalls discussing, in a status conference with Magistrate Judge Schneider on January 23, 2017, amending the complaint to add new parties (<u>Id.</u>, ¶14.) During this conference, Plaintiff's counsel informed the Court that he would be able to amend the complaint based upon what he reviewed in discovery stamped Balicki000001-Balicki000776. However, he was not sure if he would need to amend the complaint again after getting ████████████. (<u>Id.</u>, ¶15.) Thus, amending the complaint was put on hold so Plaintiff's counsel would not have to go through the process of amending the complaint twice if any other parties could be added based on the DCF documents. (<u>Id.</u>, ¶16.) This was a

poorly calculated risk by Plaintiff's counsel, given the expiration of the statute of limitations.

Plaintiff received ██████████████ in May 2017. (Order, ECF Nos. 35, 37.) There was a status conference on June 15, 2017, where the issue of the deadline for Plaintiff to file an amended complaint was addressed. (ECF No. 38.) The next day, an Amended Scheduling Order was entered, which provided "By July 17, 2017, plaintiff shall file his motion to amend his pleadings without prejudice to defendants' right to assert timeliness defenses." Plaintiff's counsel was on notice that Defendants preserved their statute of limitations defense. Even then, Plaintiff's counsel sought and received a short extension to file a motion to amend. (Order, ECF No. 40.)

The due diligence requirement of New Jersey Court Rule 4:26-4 required Plaintiff to investigate all potential responsible parties in a timely manner. DeRienzo 357 F.3d at 353. Plaintiff's counsel did not do so. See Padilla v. Township of Cherry Hill, 110 F. App'x 272, 277 (3d Cir. 2004) (waiting more than 14 months to amend complaint after defendants' names were made known to the plaintiff through initial disclosures demonstrates a lack of due diligence); cf. Worthy v. Kennedy Health System, 140 A.3d 584, 594 (N.J. Super Ct. App. Div. 2016) (finding the plaintiff exercised due diligence by moving to amend her complaint within days of learning the defendant's identity.) As set forth above, counsel

not only failed to act in a timely manner, he, in essence, failed

to act at all once Plaintiff's father gave him ████████████

██████████████████Doing nothing does not equate to due

diligence. It is unfortunate, indeed. For the foregoing reasons,

the Court is constrained to find that Plaintiff cannot avail

himself of Rule 15(c)(1)(A) for the amendment to relate back to

the original complaint.

        2.    Relation back under FRCP 15(c)(1)(C)

    An amendment can also relate back to the date of the original

pleading under Rule 15 when

> (C) the amendment changes the party or the
> naming of the party against whom a claim is
> asserted, if Rule 15(c)(1)(B) is satisfied and
> if, within the period provided by Rule 4(m)
> for serving the summons and complaint, the
> party to be brought in by amendment:
>
>> (i) received such notice of the
>> action that it will not be
>> prejudiced in defending on the
>> merits; and
>>
>> (ii) knew or should have known that
>> the action would have been brought
>> against it, but for a mistake
>> concerning the proper party's
>> identity.

Fed. R. Civ. P. 15(c)(1)(C). At the time the original pleading was

filed, Rule 4(m) provided 120 days to serve the summons and

complaint. (Fed. R. Civ. P. 4, effective December 1, 2015).

    "Rule 15(c)(1)(C)(ii) asks what the prospective defendant

knew or should have known during the Rule 4(m) period, not what

the plaintiff knew or should have known at the time of filing her original complaint." <u>Krupski</u>, 560 U.S. at 548. "The only question under Rule 15(c)(1)(C)(ii) … is whether [the added party] knew or should have known that, absent some mistake, the action would have been brought against him." <u>Krupski</u>, 560 U.S. at 549. "The reasonableness of the mistake is not itself at issue." <u>Id.</u>

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.
>
> ...
>
> When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met.

<u>Krupski</u>, 560 U.S. at 550-52. Pursuant to the Third Circuit's decision in <u>Varlack v. SWC Caribbean, Inc.</u>,[10] "the plaintiff's lack of knowledge of a particular defendant's identity can be a mistake under Rule 15(c)(3)(B)." <u>Singletary v. Pennsylvania Dep't of Corr.</u>, 266 F.3d 186, 201 (3d Cir. 2001).

---

[10] <u>Varlack</u>, 550 F.2d 171, 174 (3d Cir. 977).

Notice to the newly named defendant may be imputed by sharing an attorney with an original defendant or by an identity of interest with an originally named defendant. <u>Singletary</u>, 266 F.3d at 196-97. "[T]he relevant issue is whether [the newly named defendant] has a sufficient identity of interest with an originally named defendant to impute the notice that defendant received to [the newly named defendant]." <u>Id.</u> at 198. Absent other circumstances permitting an inference that notice was actually received, a non-management employee does not share a sufficient identity of interest with his employer so that notice to the employer can be imputed to the employee for Rule 15(c)(3) purposes. <u>Singletary</u>, 266 F.3d at 200.

Jordan did not share an attorney with any original defendant at any time. Moreover, Plaintiff has not submitted any evidence that Jordan was notified of the lawsuit before the statute of limitations expired.

At the time the original complaint was filed, Jordan was no longer employed by any of the original supervisory defendants and Jordan had moved out of New Jersey. (Jordan's SOMF ¶47; Ex. O, ECF No. 117-9.) Notice of the lawsuit to Jordan's former supervisors cannot be imputed to Jordan under Rule 15(c)(3). <u>See</u> <u>Garvin v. City of Philadelphia</u>, 354 F.3d 215, 227 (3d Cir. 2003) (individual police officers were non-managerial employees with insufficient nexus of interests to impute notice under Fed. R. Civ. P.

15(c)(3)(A)).  Therefore,  the  amendment  adding  Jordan  as  a
defendant  to  the  complaint  does  not  relate  back  to  the  original
complaint.

IV. CONCLUSION

For  the  reasons  discussed  above,  Defendant  Wesley  Jordan's
motion  for  summary  judgment  is  granted  and  the  claims  against  him
are  dismissed  with  prejudice.


An appropriate order follows.


Date: February 6, 2020

                                 s/Renée Marie Bumb
                                 **RENÉE MARIE BUMB**
                                 **United States District Judge**