**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| EDWARD SCANLON, IV<br><br>        Plaintiff<br><br>  v.<br><br>VALERIE LAWSON, *et al.*,<br><br>      Defendants | Civ. No. 16-4465 (RMB-JS)<br><br>**OPINION**<br>(REDACTED) |

APPEARANCES:

KEVIN T. FLOOD, Esq.
181 Route 206
Hillsborough, NJ 08844
         On behalf of Plaintiff

JUSTIN ROBERT WHITE
TESTA HECK TESTA & WHITE, PA
424 W. LANDIS AVENUE
VINELAND, NJ 08360


**BUMB,** United States District Judge

This matter comes before the Court upon Plaintiff's motion for reconsideration (Mot. Reconsider., ECF No. 158) of this Court's opinion and order granting Defendant Wesley Jordan's motion for summary judgment based on the statute of limitations (See Opinion, ECF No. 151; Order, ECF No. 152); Defendant Jordan's response to Plaintiff's motion for reconsideration (Jordan's Resp. to Mot. Reconsider., ECF No. 161); Plaintiff's motion to seal his motion for reconsideration (Mot. to Seal, ECF No. 159); and Plaintiff's

Response to Order to Show Cause, (Pl's Response OTSC, ECF Nos. 162, 164.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court will determine the motions on the briefs without oral argument.

I.    BACKGROUND

Plaintiff filed this action in the New Jersey Superior Court, Law Division, Cumberland County on March 29, 2016, alleging civil rights violations under 42 U.S.C. § 1983; the New Jersey Civil Rights Act ("NJCRA"), § 10:6-2, and tort claims under the New Jersey law, N.J.S.A. §§ 59:1-1 *et seq.* (Compl., ECF NO. 1-1 at 8-18.) The action, in part, arose out of incidents alleged to have occurred at the Cumberland County Juvenile Detention Center ("CCJDC") in March 2012. (<u>Id.</u>) Plaintiff alleged



(<u>Id.</u>, ¶3.)

Plaintiff filed an amended complaint on October 26, 2017. (Am. Compl., ECF Nos. 58, 88.) The amended complaint substituted Wesley Jordan for a fictitious John Doe defendant. The Court subsequently granted Jordan's motion for summary judgment, holding, in pertinent part, that the amended complaint did not relate back to the timely filed complaint because Plaintiff did

not exercise due diligence in discovering Jordan's identity. <u>See</u> <u>DeRienzo v. Harvard Industries, Inc.</u>, 357 F.3d 348, 354-55 (3d Cir. 2004) (describing due diligence requirement of New Jersey Court Rule 4:26-4.)

II.  PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

On February 21, 2020, the Court ordered Plaintiff to show cause why the claims against Harold Cooper, Bobby Stubbs, John and Jane Does 1-45 and ABC Corporations 1-45 should not be dismissed for failure to effect timely service under Federal Rule of Civil Procedure 4(m). (Order, ECF No. 157.) Plaintiff responded by demonstrating the numerous attempts he made to locate and serve Bobby Stubbs and Harold Cooper. (Pl's Response to OTSC, ECF Nos. 162, 164.)

Plaintiff's last attempt at service on Bobby Stubbs and Harold Cooper was August 2, 2018, more than one year ago. (<u>Id.</u>, ¶¶29-31.) Plaintiff's has not shown good cause to further extend the time to serve Harold Cooper, Bobby Stubbs or the unidentified Doe Defendants. Although the statute of limitations expired, which favors granting a motion for extension of time for service, Plaintiff's inaction for more than one year, and the fact that the case is ready for a final pretrial conference, disfavors further extension of time for service. The Court will deny an extension of time for service under Rule 4(m) and dismiss the claims against the unserved defendants without prejudice. <u>See</u> <u>Veal v. United</u>

<u>States</u>, 84 F. App'x 253, 256–57 (3d Cir. 2004) (noting district court has discretion to extend time for service even though good cause was not shown)).

III. MOTION TO SEAL MOTION FOR RECONSIDERATION

Plaintiff submitted the following information in support of sealing his motion for reconsideration and supporting documents pursuant to Local Civil Rule 5.3(c). (Certification of Counsel, ECF No. 159-1.) The nature of materials to be sealed include medical and juvenile records produced pursuant to a Discovery Confidential Order, which are cited and/or attached to Plaintiff's motion for reconsideration. The privacy interests that warrant sealing the documents include the protection of medical records under federal and state law, and privacy of evaluative and deliberative information developed as part of self-critical analysis. These privacy interests are lost if the records are not sealed. There have been four prior orders to seal these types of documents in this matter. Finally, counsel to defendant Wesley Jordan consents to sealing these documents. Plaintiff has met his burden to warrant sealing his motion for reconsideration and supporting documents.

IV. <u>Plaintiff's Motion for Reconsideration</u>

Plaintiff asserts three bases for the Court to reconsider granting summary judgment to Defendant Wesley Jordan. First, Plaintiff asserts that the Court overlooked the fact that Plaintiff

████████████████████████████████████████████

████████████████████████████ which severely hindered Plaintiff's ability to assist his counsel in proceeding with this civil cause of action. Plaintiff submits, as new evidence in support of this claim, records from the New Jersey School for Boys (Jamesburg) for 2014 and 2015. (Ex. A, ECF No. 158-2 at 5.)

Second, Plaintiff argues it was a manifest error of law to make the finding that records identifying Wesley Jordan were potentially available through a request under the New Jersey Open Public Records Act, N.J.S.A. § 47:1A-5. Plaintiff's counsel states that the only way he could obtain records identifying Jordan ██ ████████████████████ was to file suit, ████████████████

████████████████████████████████████████████

████████████████

Third, Plaintiff maintains that it was a manifest error of fact to find that plaintiff's counsel delayed amending the complaint after receiving discovery identifying Wesley Jordan ██ ████████████████████. And fourth, Plaintiff contends it was a manifest error of law to apply federal case law and F.R.C.P. 15(c)(1)(C) to his New Jersey state law claims because Wesley Jordan was put on notice of the tort and civil rights causes of action under state law, as evidenced by the fax confirmation and the signed return receipt requested green cards from September 21, 2012.

Defendant Wesley Jordan opposes Plaintiff's motion for reconsideration. (Def. Jordan's Resp. to Mot. Reconsider., ECF No. 161.) First, pursuant to Local Civil Rule 7.1(i)'s 14-day time limit, Jordan argues the motion for reconsideration was filed one day late, fifteen days after the order to be reconsidered was entered on February 6, 2020, Second, Jordan contends the motion should be denied in substance because the Court did not overlook facts or law in granting Jordan's motion for summary judgment. The Court will address the merits of Plaintiff's motion for reconsideration.

B.    Standard of Review

Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Holsworth v. Berg, 322 F. App'x 143, 146 (3d Cir. 2009). Local Civil Rule 7.1(i) governs motions for reconsideration in the District of New Jersey. Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.

The movant must demonstrate either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d

6

669, 677 (3d Cir. 1999) (citing <u>N. River Ins. Co. v. CIGNA</u> <u>Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." <u>Tishcio v. Bontex, Inc.</u>, 16 F.Supp.2d 511, 532 (D.N.J. 1998) (citation omitted).

C.    <u>Analysis</u>

1.    ███████████████████████

Plaintiff asserts that the Court overlooked ███████████████ ██████████████████ hindered his ability to assist his counsel in proceeding with this action. The Court did not overlook ██████████ ████████████████████████████████████████████████████████ ███████████████████████████████████ ██████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████; only his true identify remained confidential. Thus, counsel could have proceeded by obtaining Jordan's name in another manner, as discussed below.

████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████

Further, there is nothing in the record to show that Plaintiff's counsel ever informed this Court, upon filing the complaint two days before the statute of limitations expired, of the difficulties he had discovering John Doe's identity and the urgency of his need for the information. It is too late now for the Court to provide assistance.

2.  Availability of OPRA Request

Plaintiff contends it was a manifest error of law for the Court to make the finding that records identifying Wesley Jordan were potentially available through a request under the New Jersey Open Public Records Act, N.J.S.A. § 47:1A-5. First, the Court notes that it recognized Plaintiff's counsel might have been unsuccessful in obtaining the necessary documents, but that the due diligence requirement of New Jersey Court Rule 4:26-4 obliged him to make the effort. (Opinion, ECF No. 151 at 26.)

Second, Plaintiff cites Doe v. City of Trenton, No. A5943-17T2, 2019 WL 4927108 (N.J. Super. Ct. App. Div. Oct. 7, 2019) in support of his claim that internal affairs investigations are exempt from disclosure by OPRA request. Plaintiff fails to acknowledge that Doe also provides guidance on the common law right of access to public records, which "makes a much broader class of documents available … but on a qualified basis." Id. at *5 (quoting O'Shea v. Twp. of W. Milford, 982 A.2d 459, 468 (N.J. Super. Ct. App. Div. 2009) (quoting Daily Journal v. Police Dept. of City of Vineland, 797 A.2d 186 (N.J. Super. Ct. App. Div. 2002)).

The common law right of access to public records is subject to a balancing test based on factors specific to each case. Id. Given plaintiff's counsel's inability to obtain John Doe's identity from his client and the difficulty Plaintiff's father had in obtaining that information, Plaintiff could have presented a

good case for disclosure under the common law, even if he might have been unsuccessful. Again, due diligence does not permit doing nothing.

3.  Delay Amending the Complaint

Plaintiff asserts that it was a manifest error of fact for the Court to find that plaintiff's counsel delayed amending the complaint after receiving discovery identifying Wesley ████ ████████████. The Court accepts Plaintiff's representation that Magistrate Judge Schneider imposed a *de facto* stay on amending the complaint based on Plaintiff's representation that he might have to amend twice because discovery remained pending. This, however, does not change the result.

To establish due diligence under New Jersey Court Rule 4:26-4, for purposes of relation back of an Amended Complaint under Federal Rule of Civil Procedure 15(c)(1)(A), a plaintiff must exercise due diligence *before* *and* *after* filing the original complaint. DeRienzo, 357 F.3 at 353 (emphasis added████ ████████████████████████████████████████████ ██████████████████████████ contained enough factual information to bring suit using the fictitious John Doe designation. (Pl's Ex. B, ECF No. 130-8 at 5-6.) Plaintiff's counsel has not shown that he did anything ███████████████ ███████████████████████████████, which was unsuccessful in 2012. The record does not contain evidence that

10

Plaintiff's counsel did anything to identify John Doe in the next four years; instead, filing suit with only two days remaining on the statute of limitations. While the Court is sympathetic to Plaintiff's plight, the record does not support a finding of due diligence.

### 4. Plaintiff's Tort Claims

Plaintiff also claims it was a manifest error of law for the Court to apply federal case law and F.R.C.P. 15(c)(1)(C) to his New Jersey state law claims[1] because Jordan was put on notice of Plaintiff's claims by his Tort Claim Notice of September 1, 2012. (See Ex. B, ECF No. 158-2 at 18-19.)

The Court did not apply Federal Rule of Civil Procedure 15(c)(1)(C) to determine whether Plaintiff filed a timely notice of claim under the New Jersey Tort Claims Act, N.J.S.A. § 59:8-8, but instead, to determine whether his state law claims against Jordan related back to his original complaint so as to avoid the

---

[1] "Rule 15(c)(1) allows state relation back law to govern state claims in federal court if state law 'affords a more forgiving principle of relation back.'" Yanez v. Columbia Coastal Transp., Inc., 68 F.Supp.2d 489, 491 n. 2 (D.N.J. 1999) (citing Bryan v. Associated Container Transp., 837 F. Supp. 633, 643 (D.N.J. 1993) (quoting Advisory Committee note to Fed. R. Civ. P. 15(c)(1)). In the opinion dated February 6, 2020, the Court determined that New Jersey state law did not provide for relation back because Plaintiff did not exercise due diligence in discovering John Doe's identity. Thus, the Court considered whether, in the alternative, Federal Rule of Civil Procedure 15(c)(1)(C) provided for relation back.

11

statute of limitations bar. Under Federal Rule of Civil Procedure 15(c)(1)(C), even if the Notice of Tort Claim was timely submitted to Surrency and Baruzza at CCJDC in September 2012, notice to Jordan's supervisors of his state law claim was insufficient to impute notice to Jordan of this lawsuit filed in 2016. <u>Singletary v. Pennsylvania Dept. Corrections</u>, 266 F.3d 186, 198 (3d Cir. 2001) (notice to employer was insufficient to impute notice to staff level employee); <u>Garvin v. City of Philadelphia</u>, 354 F.3d 215, 217 (3d Cir. 2003) (same).

IV.  CONCLUSION

For the reasons discussed above, the Court will (1) dismiss the claims against Harold Cooper, Bobby Stubbs, John and Jane Does 1-45 and ABC Corporations 1-45 without prejudice under Federal Rule of Civil Procedure 4(m); (2) grant Plaintiff's motion to seal his motion for reconsideration and supporting documents; and (3) deny Plaintiff's motion for reconsideration.


An appropriate order follows.

Date:  March 9, 2020

<div style="margin-left:40%">

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

</div>