<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EDWARD SCANLON, IV<br><br>        Plaintiff<br>  v.<br><br>VALERIE LAWSON, *et al.*,<br><br>        Defendants | Civ. No. 16-4465 (RMB-JS)<br><br>**OPINION**<br>(REDACTED) |

APPEARANCES:

KEVIN T. FLOOD, Esq.
181 Route 206
Hillsborough, NJ 08844
    On behalf of Plaintiff

PATRICK JOSEPH MADDEN, Esq.
Madden & Madden, PA
108 Kings Highway East, Suite 200
P.O. Box 210
Haddonfield, NJ 08033
    On behalf of Defendants Robert Balicki, Veronica Surrency and Michael Baruzza

BUMB, United States District Judge

This matter comes before the Court upon Defendants Robert Balicki and Veronica Surrency's ("Defendants") motion for reconsideration of the Court's Opinion and Order dated February 21, 2020 (Mot. for Reconsideration, Dkt. No. 168); Plaintiff's Reply to the Motion for Reconsideration Filed by Defendants Veronica Surrency and Robert Balicki ("Pl's Opp. Brief," Dkt. No.

184) and Defendants' Reply Brief (Defs' Reply Brief, Dkt. No. 186.) For the reasons discussed below, the Court will grant the motion for reconsideration and grant Defendants' summary judgment, in their individual and official capacities, on Plaintiff's last remaining claims, Fourteenth Amendment claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA") for failure to protect ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████

I.   BACKGROUND

The Court recited the procedural background in this matter in its Opinion dated February 21, 2020, and need not repeat it for the parties here. (Opinion, Dkt. Nos. 155, 156.)[1] The Court granted summary judgment to all Defendants, with the exception of Defendants Warden Robert Balicki and CCJDC Division Head Veronica Surrency, primarily because Plaintiff had failed to file his claims against them within the statute of limitations. (Opinions, Dkt. Nos. 144, 147, 150, 151, 155.) Plaintiff did not oppose summary judgment in favor of Defendants Balicki and Surrency on his tort

---

[1] The Court filed both a sealed opinion (Dkt. No. 155) and a redacted Opinion (Dkt. No. 156) and will cite to the sealed Opinion hereafter.

claims. (Defs' Summ. J. Brief, Dkt No. 116 at 21-23;[2] Pl's Opp. Brief, ECF No. 130 at 9.) Therefore, the Court's Opinion was restricted to Defendants' motion for summary judgment on the only remaining claims, Plaintiff's § 1983 and NJCRA claims.

Defendants seek reconsideration of the denial of summary judgment on Plaintiff's § 1983 and NJCRA failure to protect claims under the Fourteenth Amendment. This Court quotes here from the relevant portion of the Court's Opinion:



---

[2] Page citations refer to the page number assigned by the Court's electronic case filing system, CM/ECF.

3



The Court held that:

> a reasonable jury could conclude, on this record, that █████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████

(Opinion, Dkt. No. 155 at 31-34) (emphasis added.)

II. DISCUSSION

A. Defendants' Argument

Defendants Balicki and Surrency seek reconsideration alleging an erroneous finding of fact by the Court when it attributed to Defendant Balicki the testimony ████████████████████ ████████████████████████████████████████ ████████████ (See Brief in Supp. of Mot. for Reconsideration by Surrency and Balicki ("Defs' Brief") Dkt. No. 169.) (Opinion, Dkt. No. 155 at 31.) Defendants concede, in their reply brief, that the statement was made by one of the dismissed Defendants, William M. Burke, the Supervisor of New Jersey Juvenile Commission's Compliance Monitoring Unit. (Def's Reply Brief, Dkt. No. 186 at 5.) In fact, Defendant Balicki's deposition testimony ████

4

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████

██████████████████████████████ (Plaintiff's Ex. FF at T66:18-22, Dkt. No. 130-10 at 20.)

Both Defendants also suggest that it was a clear error of law for the Court to rely on a factually distinguishable Third Circuit case, Heggenmiller v. Edna Mahan Correctional Institution for Women, 128 F. App'x 240 (3d Cir. 2005). In Heggenmiller, state prisoners brought a § 1983 action against prison administrators alleging that they were deliberately indifferent to the risk of sexual assaults on inmates by guards. There was a policy at the prison prohibiting sexual contact between prison guards and inmates. The Third Circuit held that the plaintiffs in Heggenmiller could not show deliberate indifference by the administrative defendants because the prison's no contact rule was vigorously enforced by the firing and/or prosecution of five of the six guards responsible for the six documented sexual assaults between 1994 and 1998. Vigorous enforcement of the no contact order established that the administrators took reasonable steps to reduce the risk of sexual assaults. Defendants maintain that the present case is not analogous to Heggenmiller ████████████████████████

████████████████████████████████████████

Finally, Defendants submit that it was a clear error of law to find that they acted with deliberate indifference. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Defendants' Statement of Material Facts at ¶¶38-39; Plaintiff's Reply to Defendants Statement of Material Facts admitting to ¶¶38-39). ████████████████████████████████████████████████████████████████████████████████████████████████████████████████

B. <u>Plaintiff's Counter-Argument</u>

Plaintiff Scanlon acknowledges that William M. Burke, the Supervisor of New Jersey Juvenile Commission's Compliance Monitoring Unit, not Defendant Balicki, was the person who testified ████████████████████████████████████████

6

██████████████████████████████████████████████████

██████████████████████████████████████████████████

(Pl's Opp. Brief, Dkt. No. 184.) (See Burke Depo., Plaintiff's Ex. HH at T58:23-T59:16, Dkt No. 130-10 at 55.) Plaintiff argues that this mistake by the Court only bolsters the Court's decision ████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████

Plaintiff also argues that, while his case is factually distinguishable, the Court did not err in its reliance on Heggenmiller in holding that ███████████████████████

████████████████████████████████████ As a final point, Plaintiff contends that Defendants' objection to the Court's finding of deliberate indifference is nothing more than an attempt to relitigate an issue solely because they disagreed with the Court's decision.[3]

---

[3] After reading the parties' briefs, the Court determined that it would rule on the motion without oral argument under Federal rule of Civil Procedure 78(b). (Text Order, Dkt. Nos. 185, 189.)

C. <u>Analysis</u>

Local Civil Rule 7.1(i) requires a party filing a motion for reconsideration to submit "a brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Mere disagreement with the Court's decision is not a sufficient basis for a motion for reconsideration. <u>See</u> <u>Rich v. State</u>, 294 F. Supp. 3d 266, 273 (D.N.J. 2018) (collecting cases). "The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985)).

1. *Factual Error*

The Court clearly mistakenly attributed to Defendant Balicki the statement ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ As the parties concede, the statement was made by a now-dismissed defendant, William M. Burke, who was a supervisor for the compliance monitoring unit of the New Jersey Juvenile Justice Commission. (<u>See</u> Burke Depo., Plaintiff's Ex. HH at T58:23-T59:16, Dkt No. 130-10 at 55.) (This Court granted summary judgment as to Defendant

8

Burke because Plaintiff failed to bring a timely claim against him. (Opinion, Dkt. No. 144.) This mistake informs the Court's reconsideration as follows.

### 2. *Deliberate Indifference*

A juvenile detainee has a Fourteenth Amendment liberty interest in his personal security and well-being. A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center, 372 F.3d 572, 579 (3d Cir. 2004). To determine whether Defendants violated this right, the Court must decide "'what level of conduct is egregious enough to amount to a constitutional violation and ... whether there is sufficient evidence that [the Defendants'] conduct rose to that level.'" Id. (quoting Nicini v. Morra, 212 F.3d 798, 809 (3d Cir. 2000) (alterations in A.M. ex rel. J.M.K.)) A substantive due process violation "may be shown by conduct that 'shocks the conscience.'" Id. (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998)). The deliberate indifference standard is employed to determine whether, in the custodial setting of a juvenile detention center, the defendants were deliberately indifferent to the plaintiff's personal security and well-being. Id. "The question of whether conduct amounting to deliberate indifference is sufficient to "shock the conscience" requires an 'exact analysis of [the] circumstances' in a given case." Id. at (quoting Lewis, 523 U.S. at 850.) The deliberate indifference standard is appropriate where the persons responsible for the

9

juvenile in a juvenile detention center had time to deliberate concerning the juvenile's welfare. A.M. ex rel. J.M.K., 372 F.3d at 579.

It is significant to this Court's reconsideration that it was not the Warden, Defendant Balicki, who made the statement ███ ███████████████████████████████████████████████████ ██████████ Upon his hiring as warden for CCJDC in 2008 or 2009, Balicki was charged with revising all of CCJDC's old written policies. (Balicki Depo, Pl's Ex. FF at T17:3-T19:5; T22:9-12; Dkt No. 130-10 at 8-9.) The policies had to be updated every year, and Balicki delegated the responsibility to update the policies to Tammie Pierce and Veronica Surrency, and when Pierce left CCJDC, he delegated the duty to Defendant Surrency, while maintaining his authority to approve the policies. (Id. at T22:18-T24:10.) Surrency acknowledged that she had authority to create policy. (Surrency Depo., Pl's Ex. EE at T24:7-T25:13, Dkt. No. 130-9 at 192-93.)

With this in mind, it is undisputed that Burke, who made the statement, did not have authority to make specific policies for CCJDC,[4] but testified that such a policy would be left to the

---

[4] Burke testified that if he learned of a serious incident at a juvenile detention center, he would write a report that requested an action plan from the juvenile detention center, describing how they planned to address the issue. (Burke Depo., Pl's Ex. HH at T19:3-21.) As supervisor of the monitoring unit that evaluated juvenile detention centers, if there was a problem, Burke would

10

individual facility. (Burke Depo., Pl's Ex. HH at T58:23-T59:7.) The only policies or procedures that Burke put in place were in the State's Manual of Standards for all juvenile detention facilities; he could not tell the facilities what to put in their SOPs.[5] (Id. at T52:3-13; T83:16-T84:2.) Plaintiff has pointed to no evidence, and this Court can find none, ███████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████

Moreover, while it may be that Burke, in his capacity as supervisor of the compliance monitor unit for all New Jersey juvenile detention centers, ██████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████ Burke's role in the Juvenile Justice Commission was to monitor CCJDC's compliance with the State's

---

ask the detention center to come up with a solution because his unit did not run the facilities. (Id. at T21:11-T22:2.)

[5] SOPs stands for Standard Operating Procedures. (Burke Depo., Pl's Ex. HH at T97:10-11.)

Manual of Standards, and the Manual of Standards ████████ ████████████████████████████████████████████████ (Burke Depo, Pl's Ex. HH at T10:1-10; T58:23-T59:16.) The Manual of Standards contains only general standards, a facility's Standard Operating Procedures were much more detailed. (Id. at T97:20-T98:3.) ████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████ (Id. at T58:23-T59:16.)

"[T]o defeat [a] summary judgment motion," on a failure to protect claim "[plaintiffs] must present enough evidence to support the inference that the defendants 'knowingly and unreasonably disregarded an objectively intolerable risk of harm.'" Beers-Capitol v. Whetzel, 256 F.3d 120, 132 (3d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 846 (1994)). "To be liable on a deliberate indifference claim, a defendant prison official must both 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety.'" Id. at 133 (quoting Farmer, 511 U.S. at 837.)) "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Id. (citing Farmer, 511 U.S. at 837-38.)) "[S]ubjective knowledge … can be proved by circumstantial evidence" if "the excessive risk was so obvious that the official must have known of the risk." Id. (citing Farmer, 511 U.S. at 842.)

12

Plaintiff relies on the fact that Burke, who has expertise in the State of New Jersey in the field of juvenile detention centers, ███████████████████████████████████████████ ███████████████████████████████████ The Third Circuit has held that even when a policymaker fails to implement a standard or recommended policy in the juvenile detention field, such a failure constitutes negligence not deliberate indifference. See Beers-Capitol, 256 F.3d at 137-38 (failure to enact standard or recommended policies constitutes negligence not deliberate indifference).

As noted, Plaintiff had an opportunity to explore Burke's statement in discovery, but did not do so. Indeed, as the Court found, Plaintiff failed to bring timely claims against Burke, the only individual whom Plaintiff introduced as opining as to ████ ██████████████ Plaintiff has introduced no evidence that Defendants Balicki and Surrency ███████████████████████ ██████████████████████████████████████████████

In order for a jury to reasonably find deliberate indifference by Defendants Balicki and Surrency for failing to enact such a policy, ████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

13

██████████████████████████████████████ (See Pl's Ex. SS (video recording) at 25:25 to 27:07, Dkt. No. 130-11 at 49-50.)

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

    ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[6] If Plaintiff can point to such evidence in the record, he should file a motion for reconsideration within 14 days of entry of this Opinion and the accompanying Order.

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

█████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ The Supreme Court

---

[7] See supra n. 4.

has explained the type of circumstantial evidence, in the context of a prison official's alleged failure to place an inmate in protective custody to protect against assault by another inmate, that would be sufficient to show the prison official must have been aware of the risk to the plaintiff's safety:

> if [a] … plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

Hamilton v. Leavy, 117 F.3d 742, 747–48 (3d Cir. 1997) (quoting Farmer, 511 U.S. at 842-43. Recently, the Third Circuit held that a plaintiff made a sufficient showing that detention facility staff must have known of the risk of sexual assault to an immigration detainee, although there was no evidence of the staff's actual awareness of the risk. E.D. v. Sharkey, 928 F.3d 299, 309 (3d Cir. 2019). In that case, there was evidence that the detention facility was small; there was frequent interaction between the staff and detainees that permitted staff to observe the intimate interactions between plaintiff and the alleged perpetrator; and other inmates had complained of staff's behavior toward the plaintiff. The evidence Plaintiff has adduced falls short of this standard, ███████████████████████████

16

██████████████████ Clearly - it seems worthy of repeating - Jordan's alleged actions are reprehensible. Unfortunately, Plaintiff failed to bring timely claims against him.

For these reasons, the Court finds that ██████████ ██████████ Thus, Plaintiff has not established a constitutional violation for failure to protect and the Court need not proceed to the qualified immunity analysis. See Beers-Capitol, 256 F.3d at 140 (3d Cir. 2001) (finding plaintiffs failed to establish failure to protect claim without evidence that directly showed the defendant either knew of the excessive risk to the plaintiffs or the defendant was aware of such overwhelming evidence of the risk that defendants had to know of such a risk.)

For the sake of completeness, however, the Court notes Plaintiff has not pointed to a case establishing a constitutional right ██████████ Nor has this Court found precedent "that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right" such that "existing precedent must have

17

placed the statutory or constitutional question beyond debate." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (internal quotations and citations omitted) (warning courts not to define clearly established law at a high level of generality).  Therefore, even if deliberate indifference could be established on this record, Defendants Balicki and Surrency, in their individual capacities, would be entitled to qualified immunity.  See Pearson v. Callahan, 555 U.S. 223, 236 (2009) (holding courts need not first determine whether there has been a constitutional violation before granting qualified immunity on the grounds that the relevant facts do not violate clearly established law).

III. CONCLUSION

On the record before this Court, it cannot be said that Defendants Balicki and Surrency were deliberately indifferent to Plaintiff's safety.  What happened to Plaintiff Scanlon, however, should never have happened, and should never happen again to anyone. This case should serve as a valuable lesson going forward as to the wisdom of enacting a no contact order under similar circumstances. Unfortunately, the individual allegedly responsible for Plaintiff Scanlon's injuries was not sued timely, and that should never happen again. An appropriate order follows.

Date: September 29, 2020        s/Renée Marie Bumb
                                **RENÉE MARIE BUMB**
                                **United States District Judge**